1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALLY SEAL,                              No.  2:23-cv-01800 AC

12                  Plaintiff,

13        v.                                  **ORDER**

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                    Defendant.
16

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for disability insurance benefits ("DIB") under

20   Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

21   plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for

22   summary judgment will be GRANTED.

23                            I.  PROCEDURAL BACKGROUND

24        Plaintiff applied for DIB on January 11, 2021.  Administrative Record ("AR") 171-74.[2]

25   The disability onset date was alleged to be September 12, 2017.  AR 173.  The application was

26   _____

27   [1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
     who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New
28   York, 476 U.S. 467, 470 (1986).
     [2]  The AR is electronically filed at ECF No. 8.

1    disapproved initially and on reconsideration.  AR 92-96, 103-07.  On September 8, 2022, ALJ

2    Joseph Doyle presided over the hearing on plaintiff's challenge to the disapprovals.  AR 28-50

3    (transcript).  Plaintiff, who appeared with her counsel Megan Ruble, was present at the hearing.

4    AR 28.  Sara Herman, a Vocational Expert ("VE"), also testified at the hearing.  Id.  After the

5    hearing, plaintiff amended the disability onset date to September 16, 2019.  AR 186.

6        On September 20, 2022, the ALJ found plaintiff "not disabled" under Sections 216(i) and

7    223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 10-23 (decision), 24-27 (exhibit

8    list).  On July 25, 2023, the Appeals Council denied plaintiff's request for review, leaving the

9    ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-5 (decision

10   and additional exhibit list).  Plaintiff filed this action on August 23, 2023.  ECF No. 1; see 42

11   U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 11.

12   The parties' cross-motions for summary judgment, based upon the Administrative Record filed by

13   the Commissioner, have been fully briefed.  ECF Nos. 9 (plaintiff's summary judgment motion),

14   12 (Commissioner's summary judgment motion).

15                    II.  FACTUAL BACKGROUND

16       Plaintiff is a younger individual who worked as a receptionist at a cabinet shop, as a truck

17   driver, and as a cashier.  AR 187, 198.  Plaintiff alleged disability due to lower back pain, back

18   spasms, migraines, peripheral neuropathy, severe sleep apnea, and severe arthritis in her spine.

19   AR 202.  She testified that she stopped working at the cabinet shop in September of 2017 because

20   she was let go due to missing one to three days per week due to her headaches and back pain.  AR

21   39, 202.  She stated that her foot pain, low back pain, hip pain, and headaches most affect her

22   ability to work.  AR 40.  Plaintiff testified that her pain has gotten worse since 2017.  AR 41.

23                     III.  LEGAL STANDARDS

24       The Commissioner's decision that a claimant is not disabled will be upheld "if it is

25   supported by substantial evidence and if the Commissioner applied the correct legal standards."

26   Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

27   Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'"  Andrews

28   v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

1    Substantial evidence is "more than a mere scintilla," but "may be less than a

2  preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

3  evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v.

4  Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the

5  record can constitute substantial evidence, only those 'reasonably drawn from the record' will

6  suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

7  Although this court cannot substitute its discretion for that of the Commissioner, the court

8  nonetheless must review the record as a whole, "weighing both the evidence that supports and the

9  evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS,

10  846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

11  court must consider both evidence that supports and evidence that detracts from the ALJ's

12  conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

13    "The ALJ is responsible for determining credibility, resolving conflicts in medical

14  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

15  Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of

16  which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart,

17  278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

18  ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn

19  v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

20  2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

21  evidence that the ALJ did not discuss").

22    The court will not reverse the Commissioner's decision if it is based on harmless error,

23  which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

24  ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

25  2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

26  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

27  ////

28  ////

3

1

IV.  RELEVANT LAW

2

Disability Insurance Benefits and Supplemental Security Income are available for every

3

eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

4

is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically

5

determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

6

(quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).The

7

Commissioner uses a five-step sequential evaluation process to determine whether an applicant is

8

disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v.

9

Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to

10

determine disability" under Title II and Title XVI).  The following summarizes the sequential

11

evaluation:

12

13

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

14

20 C.F.R. § 404.1520(a)(4)(i), (b).

15

16

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

17

Id. §§ 404.1520(a)(4)(ii), (c).

18

19

20

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

21

Id. §§ 404.1520(a)(4)(iii), (d).

22

23

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

24

25

Id. §§ 404.1520(a)(4)(iv), (e), (f).

26

27

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

28

Id. §§ 404.1520(a)(4)(v), (g).

4

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2021.

> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of September 16, 2019, through her date last insured of December 31, 2021 (20 CFR 404.1571 et seq.).

> 3. [Step 2] Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine; peripheral neuropathy; obstructive sleep apnea; migraines; and morbid obesity (20 CFR 404.1520(c)).

> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations: never climbing ladders, ropes, or scaffolds; occasional climbing ramps or stairs, stooping, kneeling, crouching, crawling, and engaging in balance on uneven surfaces; and occasional exposure to hazards, defined as work with machinery having moving mechanical parts, use of commercial vehicles, and exposure to unprotected heights.

> 6. [Step 4] Through the date last insured, the claimant was capable of performing past relevant work as a receptionist. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565

> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 16, 2019, the alleged amended onset date, through December 31, 2021, the date last insured (20 CFR 404.1520(f)).

1   AR 12-23.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the

2   Act.  AR 23.

3                                          VI.  ANALYSIS

4          Plaintiff alleges that the ALJ erred when he did not properly consider the medical

5   evidence which supports the symptoms reported by the claimant, and accordingly, plaintiff's

6   credibility was not properly evaluated.  ECF No. 12 at 2.  Plaintiff further alleges that the medical

7   opinion of Markus Jackson, M.D., was not properly considered.  Id.

8          A.  Plaintiff's Subjective Testimony

9          Plaintiff argues that the ALJ improperly rejected her subjective testimony about her pain

10  and impairments.  Evaluating the credibility of a plaintiff's subjective testimony is a two-step

11  process.  First, the ALJ must "determine whether the claimant has presented objective medical

12  evidence of an underlying impairment which could reasonably be expected to produce the pain or

13  other symptoms alleged. . . .  In this analysis, the claimant is not required to show that her

14  impairment could reasonably be expected to cause the severity of the symptom she has alleged;

15  she need only show that it could reasonably have caused some degree of the symptom."  Garrison

16  v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted).  Objective medical

17  evidence of the pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if

18  the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony

19  by offering "specific, clear and convincing reasons for doing so."  Id. (internal citations omitted).

20         Here, plaintiff testified that her foot pain, low back pain, hip pain, and headaches most

21  affect her ability to work.  AR 40.  She stated her pain has gotten worse since 2017.  AR 41.

22  Plaintiff testified that her feet usually tingle and feel like they are asleep, and become painful and

23  swell when she walks long distances.  AR 41.  Regarding her back pain, plaintiff testified that she

24  has sought pain management treatment and had two injections, and the injections have helped

25  with the pain.  AR 41-42.  Plaintiff testified that she could lift 5-10 pounds with difficulty, she

26  can walk around her block twice with her cane and can stand for about 4 minutes.  AR 42.

27  Plaintiff stated she can sit for long periods of time in her comfortable chair, but for less time at a

28  computer or at a friend's house.  AR 43.  She can't do dishes, laundry, cleaning, or yard work, but

                                                6

1   she is able to cook herself breakfast.  AR 43.  She uses a cane to walk because of her right hip and

2   low back pain.  AR 44.

3         The ALJ rejected plaintiff's subjective testimony, finding "the claimant's medically

4   determinable impairments could have reasonably been expected to cause the alleged symptoms;

5   however, the claimant's statements concerning the intensity, persistence and limiting effects of

6   these symptoms were not entirely consistent with the evidence," concluding that her "allegations

7   of disabling symptoms are unsupported by the record."  AR 21; see 20 C.F.R. § 416.929(c)(2)

8   ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable

9   conclusions about the intensity and persistence of your symptoms"); Smartt v. Kijakazi, 53 F.4th

10  489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the

11  claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.")

12  The ALJ reasoned as follows:

> [D]espite the claimant's allegation of debilitating headaches, the
> evidence of record suggests these began at age 14 and were improved
> with receipt of medication and CPAP machine use. The evidence of
> record also lacks documentation of a need for an ambulation device
> despite her reliance on same, as she presented with normal gait and
> intact lower extremity strength on several occasions; her consultative
> examiner also noted her intact ability to walk across the room without
> the help of a cane despite presenting with use of same.  Finally, with
> respect to the claimant's mental health, the evidence of record
> indicates that she presented with a generally intact mental status
> examination during her consultative examination and additional
> office visits. Based on these findings, the undersigned determined the
> claimant's allegations of disabling impairments are not fully
> supported by the treatment record through the date last insured.

21  AR 21.

22        Plaintiff argues that the ALJ did not properly consider the limiting effects of her back

23  pain, hip pain, foot pain, and headaches.  ECF No. 9 at 12.  Plaintiff cites various portions of the

24  record, arguing that the record does support her symptom allegations.  Id. (referencing portions of

25  the record including receipt of branch block injections (which were reported to be 100% effective

26  in the treatment notes) (AR 597), imaging of the lumbar spine taken in 2020 showing disc

27  narrowing and moderate degenerative spondylosis (AR 412-414)).  ECF No. 9 at 9-10.  The ALJ,

28  however, also pointed to medical evidence in the record to support his decision.  The ALJ

contrasted plaintiff's extreme allegations with the unremarkable objective medical evidence.  AR 14-18, 21.  For example, the ALJ noted that plaintiff repeatedly had normal gait and intact lower extremity strength on examination (AR 21, 306, 331, 339, 349, 362, 381, 408, 600, 847-49, 910, 921-22, 931, 935, 939, 943, 949).  The ALJ also noted that plaintiff demonstrated her intact ability to walk across the room without the use of a cane during the consultative examination; during this same examination, she further showed full or nearly full motor strength.  AR 21, 585.

The ALJ noted brain imaging showed normal findings (AR 16, 420) and a nerve conduction study showed mild findings (AR 17, 318).  Further, the ALJ noted that despite plaintiff's allegations of disabling headaches, she had this issue since she was 14 and she managed to work despite this impairment (AR 21, 184 (engaging in substantial gainful activity until 2017), 306 ("In the last 5 years, she continues to have headaches" and "claims that she has had chronic daily headaches since 14")).  The ALJ permissibly concluded that plaintiff's testimony was inconsistent with her documented ability to work at a substantial gainful activity level even with her longstanding headaches.

The substantial evidence inquiry "defers to the presiding ALJ, who has seen the hearing up close." Biestek v. Berryhill, 587 U.S. 97, 98 (2019).  Although plaintiff presents a different interpretation of the evidence, the court concludes that the relevant evidence of record sufficiently supports the ALJ's conclusions.  Accordingly, the decision to discount plaintiff's testimony was not arbitrary.  Under these circumstances, this court must defer to the ALJ and affirm his decision.  Terry v. Saul, 998 F.3d 1010, 1013 (9th Cir. 2021) ("Importantly, even where the evidence of record is 'susceptible to more than one rational interpretation,' we must defer to the Commissioner's interpretation of the evidence") (citation omitted).  The court finds no error.

B.  The Medical Evidence

Plaintiff alleges that the ALJ improperly found the medical opinion of her treating physician, Dr. Markus Jackson, unpersuasive.  ECF No. 9 at 16.  With respect to medical opinions, revised regulations apply to claims filed on or after March 27, 2017, which change the framework evaluation of medical opinion evidence.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §

1   404.1520c.  The current regulations provide that the ALJ will no longer "give any specific

2   evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the

3   persuasiveness of all medical opinions or prior administrative medical findings from medical

4   sources and evaluate their persuasiveness.  Revisions to Rules, 2017 WL 168819, 82 Fed. Reg.

5   5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

6        The factors for evaluating the persuasiveness of a physician opinion include

7   supportability, consistency, relationship with the claimant (including length of the treatment,

8   frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of

9   an examination), specialization, and "other factors that tend to support or contradict a medical

10  opinion or prior administrative medical finding" (including, but not limited to, "evidence showing

11  a medical source has familiarity with the other evidence in the claim or an understanding of our

12  disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).

13  Supportability and consistency are the most important factors, and therefore the ALJ is required

14  to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  Supportability and

15  consistency are defined in the regulations as follows:

16           (1) Supportability. The more relevant the objective medical evidence
             and supporting explanations presented by a medical source are to
17           support his or her medical opinion(s) or prior administrative medical
             finding(s), the more persuasive the medical opinions or prior
18           administrative medical finding(s) will be.

19           (2) Consistency. The more consistent a medical opinion(s) or prior
             administrative medical finding(s) is with the evidence from other
20           medical sources and nonmedical sources in the claim, the more
             persuasive the medical opinion(s) or prior administrative medical
21           finding(s) will be.

22  20 C.F.R. § 404.1520c(c)(1)-(2).

23       The ALJ may, but is not required to, explain how the other factors were considered.  20

24  C.F.R. § 404.1520c(b)(2).  However, when two or more medical opinions or prior administrative

25  findings "about the same issue are both equally well-supported ... and consistent with the record

26  ... but are not exactly the same," the ALJ must explain how "the other most persuasive factors in

27  paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3).  The Ninth

28  Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule"

1 and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or

2 "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  Woods v.

3 Kijakazi, 32 F.4th 785 (9th Cir. 2022).  Still, in rejecting any medical opinion as unsupported or

4 inconsistent, an ALJ must provide an explanation supported by substantial evidence.  Id.  In sum,

5 the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from

6 each doctor or other source ... and 'explain how [he or she] considered the supportability and

7 consistency factors' in reaching these findings."  Id. (citing 20 C.F.R. §§ 404.1520c(b),

8 404.1520(b)(2)).

9          Here, Markus Jackson, M.D., completed a six-page check box questionnaire on August

10 29, 2022.  AR 825-30.  On this questionnaire, he noted that he had been treating plaintiff since

11 September 28, 2021, and that plaintiff' disability left her unable to work as of November 23,

12 2013.  AR 825.  Dr. Jackson marked that plaintiff would have extreme limitations such as sitting

13 for a maximum of one hour in a workday; standing for less than one hour in a workday; walking

14 for less than one hour in a workday; rarely (less than five minutes) lifting ten pounds or less;

15 rarely carrying less than ten pounds; never climbing, stooping, crouching, and crawling; rarely

16 balancing, kneeling, handling, fingering, and feeling, needing to lie down or recline for 20

17 minutes every hour; and needing unscheduled breaks for 30 minutes every hour.  AR 825-30.

18          The ALJ found Dr. Jackson's medical opinion to be unpersuasive.  AR 20.  The first

19 reason provided by the ALJ was that the opinion "lacks adequate support in Dr. Jackson's

20 accompanying treatment notes.  For example, despite relating the claimant's limitations during

21 his initial examination of the claimant in September 2021, Dr. Jackson noted her pain rating at a 4

22 out of 10 with radiation down her legs to the feet, but she denied any weakness, numbness, or

23 tingling, and according to his examination findings, she exhibited tenderness to palpation but

24 intact sensory testing and 5/5 strength throughout the lower extremities."  AR 20 (citing AR 910).

25 The ALJ further noted that plaintiff "consistently reported 80% symptom relief with improved

26 capacity for walking and activities following her initial injection in early 2022, and her reports of

27 relief continued during visits in the months that followed, until she was scheduled for a repeat of

28 the same injections in late August 2022."  Id.  The ALJ went on to cite further instances in the

1  record demonstrating findings inconsistent with the extreme limitations assigned by Dr. Jackson

2  in his medical opinion.  AR 825-28, 303-05, 831-33.

3      Plaintiff's motion focuses on plaintiff's treating relationship with Dr. Jackson (ECF No. 9

4  at 16-17), but pursuant to the 2017 rule change, the treating relationship does not afford Dr.

5  Jackson's opinion any special weight.  The ALJ set forth sufficient rationale for discounting Dr.

6  Jackson's opinions because he found it unsupported by the record as well as inconsistent with Dr.

7  Jackson's own treatment notes.  Even under the pre-2017 rules, under which treating providers

8  were given deference, it was true that "conflict between treatment notes and a treating provider's

9  opinions may constitute an adequate reason to discredit the opinions of a treating physician or

10  another treating provider."  Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014).  The ALJ

11  gave valid reasons for discounting the medical opinion, and plaintiff puts forth no substantive

12  argument to the contrary.  The court finds no error.

13                              VII.  CONCLUSION

14      For the reasons set forth above, IT IS HEREBY ORDERED that:

15      1.  Plaintiff's motion for summary judgment (ECF No. 9), is DENIED,

16      2.  The Commissioner's cross-motion for summary judgment (ECF No. 12), is

17  GRANTED; and

18      3.  The Clerk of the Court shall enter judgment for defendant and close this case.

19  DATED: September 18, 2024

20  _____

21  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

11